**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**LATANYA WALKER, ON BEHALF OF THE ESTATE OF TIERRA WALKER, DECEASED AND AS NEXT FRIEND FOR J.W., A MINOR; ESTATE OF TIERRA WALKER, DECEASED, J.W., A MINOR, ERIC CARSON, AS ALL WRONGFUL DEATH BENEFICIARIES OF TIERRA WALKER, DECEASED; AND PAMELA WALKER, AS ALL WRONGFUL DEATH BENEFICIARIES OF TIERRA WALKER, DECEASED;**

***Plaintiffs*,**

**v.**

**KEN PAXTON, ATTORNEY GENERAL OF TEXAS IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; KEN PAXTON, STEPHEN BRINT CARLTON, EXECUTIVE DIRECTOR OF THE TEXAS MEDICAL BOARD, IN HIS OFFICIAL AND INDIVIDAUL CAPACITIES; UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT SAN ANTONIO, BEXAR COUNTY HOSPITAL DISTRICT, DR. BREANNA CLIFTON, IN HER INDIVIDUAL CAPACITY; DR. THERESA L STEWART, IN HER INDIVIDUAL CAPACITY; DR. JOHN FRANKA, IN HIS INDIVIDUAL CAPACITY; AND JOE GONZALES, DISTRICT ATTORNEY FOR BEXAR COUNTY, IN HIS OFFICIAL CAPACITY;**

***Defendants*.**

**Case No. 5:26-CV-06653-JKP**

# ORDER

Before the Court is Defendant Bexar County Hospital District d/b/a University Health f/k/a University Health System's ("University Health") Unopposed Motion for Remand. *ECF No. 3*. In the Motion, University Health informs the Court:

> Today counsel for University Health learned that two of the State Defendants did not consent to removal, and thus removal was improperly made. Accordingly, University Health requests that this Court order the remand of this case back to the 57th District Court of Bexar County, Texas.

*Id.* at 2. University Health does not inform the Court which two other Defendants it is describing. The Court notes the removal documents list "Breanna Clifton, M.D." and "Theresa L. Stewart, M.D." as parties that had not been served at the time of removal. *See ECF No. 1-3* at 2. If University Health is describing these two defendants, their consent is unnecessary. *Laird v. Shellpoint Mortg. Servicing*, No. 4:25-CV-00435, 2025 WL 2309266, at *5 (N.D. Tex. July 23, 2025) (citing *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, n.9 (5th Cir. 1988) ("This statute has been interpreted to require that all then served properly joined defendants join in the removal petition.")). In addition to these missing details, the Motion contains no legal authority demonstrating the Court may remand this matter under these circumstances where the case has already been removed to this Court.

Accordingly, University Health is **ORDERED** to supplement its Motion with these missing details and citations to legal authority demonstrating the Court may remand this matter under these circumstances **<u>no later than November 6, 2026, at 5:00 p.m.</u>**

It is so ORDERED.
SIGNED this 28th day of October, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE