**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**LATANYA WALKER, ON BEHALF OF THE ESTATE OF TIERRA WALKER, DECEASED AND AS NEXT FRIEND FOR J.W., A MINOR; ESTATE OF TIERRA WALKER, DECEASED, J.W., A MINOR, ERIC CARSON, AS ALL WRONGFUL DEATH BENEFICIARIES OF TIERRA WALKER, DECEASED; AND PAMELA WALKER, AS ALL WRONGFUL DEATH BENEFICIARIES OF TIERRA WALKER, DECEASED;**

***Plaintiffs*,**

**v.**

**KEN PAXTON, ATTORNEY GENERAL OF TEXAS IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; KEN PAXTON, STEPHEN BRINT CARLTON, EXECUTIVE DIRECTOR OF THE TEXAS MEDICAL BOARD, IN HIS OFFICIAL AND INDIVIDAUL CAPACITIES; UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT SAN ANTONIO, BEXAR COUNTY HOSPITAL DISTRICT, DR. BREANNA CLIFTON, IN HER INDIVIDUAL CAPACITY; DR. THERESA L STEWART, IN HER INDIVIDUAL CAPACITY; DR. JOHN FRANKA, IN HIS INDIVIDUAL CAPACITY; AND JOE GONZALES, DISTRICT ATTORNEY FOR BEXAR COUNTY, IN HIS OFFICIAL CAPACITY;**

***Defendants*.**

**Case No. 5:26-CV-06653-JKP**

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Bexar County Hospital District d/b/a University Health f/k/a University Health System's ("University Health") Unopposed Motion for Remand, (*ECF No. 3*), and Supplement to Motion for Remand, (*ECF No. 7*). The Court will grant the Motion.

## BACKGROUND

On September 15, 2026, Plaintiffs sued Defendants in the 57th District Court of Bexar County, Texas. *ECF No. 1* at 1–2. On October 16, 2026, University Health filed its Notice of Removal, removing this matter pursuant to 28 U.S.C. § 1441(a). *Id*. Three days later, on October 19, 2026, University Health filed its Unopposed Motion for Remand, (*ECF No. 3*).

In the Motion, University Health states it "learned that two of the State Defendants *did not* consent to removal, [therefore the] removal was improperly made." *Id*. (emphasis in original). Because the Motion contained missing details and no citations to legal authority demonstrating the Court may remand this matter, the Court ordered University Health to submit a supplement to its Motion. *ECF No. 6*. In its Supplement, University Health identifies Defendants Ken Paxton and Stephen Brint Carlton as the two defendants opposing removal. *ECF No. 7* at 3.

## LEGAL STANDARD AND ANALYSIS

Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction of all civil actions which arise under the Constitution, laws, or treatises of the United States. 28 U.S.C. § 1331. "When a civil action is removed solely under [§] 1441(a), all defendants who have been properly joined and served must

join in or consent to the removal of the action to federal court." 28 U.S.C. § 1446(b)(2)(A). If consent of all served defendants is not timely obtained, the removal is procedurally defective.[1]

In cases with multiple defendants, the Fifth Circuit previously followed the first-served defendant rule, under which all defendants needed to join in the removal within 30 days of the date the first defendant was served. *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262–63 (5th Cir. 1988). Pursuant to a 2011 statutory amendment adopting the last-served rule, however, 28 U.S.C. § 1446(b) now provides that, "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). In revising § 1446(b), Congress also codified the "**rule of unanimity.**"[2]

To demonstrate defendants' unanimous consent to removal, the Fifth Circuit requires "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant." *Getty Oil Corp.*, 841 F.2d at 1262 n.11. "[C]ourts within the Fifth Circuit have construed strictly the requirement for written consent by all of the defendants and overwhelmingly have held that statements on behalf of nonmoving defendants in a notice of removal are insufficient." *Cass v. Mt. Laurel Assurance Co.*, No. CV 22-2590-WBV-DPC, 2022 WL 5434544, at *3 (E.D. La. Oct. 7, 2022) (collecting cases). Additionally, "courts applying

[1] *Doe v. Kerwood*, 969 F.2d 165, 167-69 (5th Cir. 1992); *see also Wade v. Fireman's Fund Ins. Co.*, 716 F. Supp. 226, 231 (M.D. La. 1989) ("The failure of all defendants to timely join in removal does not deprive the Court of jurisdiction over the subject matter and constitutes a procedural defect that can be waived by the plaintiff.").

[2] *Crowley v. Amica Mut. Ins. Co.*, Civ. A. No. 12-775, 2012 WL 3901629, at *2 (E.D. La. Sept. 7, 2012) (citing *Penson Fin. Serv., Inc. v. Golden Summit Investors Group, Ltd.*, Civ. A. No. 3:12-CV-00300, 2012 WL 2680667, at *5 (N.D. Tex. July 5, 2012) (emphasis added)).

*Getty Oil* have remanded cases for lack of written consent when the nonmoving defendants submitted affidavits attesting to their consent after the 30-day period for removal had ended." *Id.*

Here, in its Supplement, University Health identifies Defendants Ken Paxton and Stephen Brint Carlton as the two defendants opposing removal. *ECF No. 7* at 3. The statute upon which University Health removed this matter explicitly states that "[w]hen a civil action is removed solely under [§] 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Because Defendants Ken Paxton and Stephen Brint Carlton were served and do not consent to University Health's removal, this case will be remanded. The Court notes, however, no written consents were filed with University Health's Notice of Removal and it appears University Health sought consent from its co-Defendants after filing. The Court advises counsel for University Health to obtain prior consent in the future and to adhere to proper removal procedures.

**CONCLUSION**

Accordingly, the Court **GRANTS** University Health's Unopposed Motion for Remand, (*ECF No. 3*). It is **ORDERED** this case be **REMANDED** to the 57th District Court of Bexar County, Texas. The referral to the Magistrate Judge is **WITHDRAWN**. All other motions pending in this action are **DISMISSED AS MOOT**.

It is so ORDERED.
SIGNED this 9th day of November, 2026.

Jason Pulliam

JASON PULLIAM
UNITED STATES DISTRICT JUDGE